```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION

TERRELL MICKELS                  :
 #11733-003,                     :
      Petitioner,                :
                                 :   CRIMINAL NO. 10-00152-WS-B
vs.                              :   CIVIL ACTION NO. 14-00357-WS-B
                                 :
UNITED STATES OF AMERICA,        :
      Respondent.                :
```

### REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 113) and the Government's Motion to Dismiss (Doc. 120). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the Government's Motion to Dismiss be **GRANTED** and that Mickels' habeas petition be **DISMISSED**. The undersigned also recommends that should Mickels file a certificate of appealability, it should be **DENIED** as he is not entitled to appeal in forma pauperis.

   I. PROCEDURAL HISTORY

On July 29, 2010 Terrell Mickels was indicted on charges of conspiracy to possess with intent to distribute crack cocaine (Count One) and possession with intent to distribute crack cocaine (Count Two, Three, and Four). (Doc. 1).  On October 26, 2010, Mickels entered a guilty plea, pursuant to a written plea agreement, to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Three). (Doc. 41).

Mickels was sentenced to a term of 188 months and Counts One, Two, and Four were dismissed on the Government's Motion (Minute Entry 06/21/2011).  Judgment was entered on June 21, 2011. (Doc. 70).  Mickels did not file an appeal.  However, more than two (2) years later, on September 3, 2013, Mickels filed a "Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC 3582." His motion was denied. (Docs. 91, 94).  He appealed the denial, and on June 2, 2014, the Eleventh Circuit dismissed the appeal as time-barred. (Doc. 110).

Mickels filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 113) on July 22, 2014.[1]  In the motion, Mickels argues that he was coerced into

---

[1] Although the petition was received by the Clerk's Office on July 28, 2014 pursuant to the mailbox rule, a prisoner's petition is deemed filed on the date it is delivered to prison officials for mailing, absent contrary evidence. Washington v. United States, 243 F.3d 1299, 1301 (llth Cir. 2001).  The record reflects that Mickels certified that he sent his petition on

2

pleading guilty because of the ineffective assistance of his counsel. (Doc. 113 at 1). He also argues that he was illegally sentenced above the statutory maximum. According to Mickels, "the Supreme Court held that any fact that increases a defendant's mandatory minimum must be submitted to a jury to be proven beyond a reasonable doubt. (citing Alleyne 11-9335) [sic]." (Doc. 113 at 2). In response to Mickels' motion, the Government filed a Motion to Dismiss and argues that Mickels' petition should be dismissed as time-barred. (Doc. 120). For the following reasons, the undersigned finds that Mickels' petition is untimely and recommends that the Motion to Dismiss be **GRANTED**.

   II. <u>**DISCUSSION**</u>

A § 2255 motion to vacate a federal sentence is subject to a one-year statute of limitations. Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255 (f), the limitations period begins running from the latest specified dates, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
>    (1) the date on which the judgment of conviction becomes final;

---

July 22, 2014, and absent evidence to the contrary, that date is deemed the date on which he tendered the petition to prison officials for mailing.

>      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In most cases, the triggering date is the date upon which the judgment of conviction became final under 28 U.S.C. § 2255(f)(1). In this case, the judgment was entered on June 21, 2011; thus, Mickels' conviction and sentence became final fourteen (14) days later on July 5, 2011. (Doc. 70). See Fed.R.App.p.4(b)(1)(A)(i); See also Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000). Therefore, the last day that Mickels could have timely filed his § 2555 petition was on July 5, 2012, one year after the statute of limitations began to run. Mickels, however, did not file his § 2555 motion until July 22, 2014, which was more than two (2) years *after* the time for filing had expired. (Doc. 113).

Mickels does not argue that his petition was filed within the one-year statute of limitations. Instead, as noted by the

4

Government, Mickels cites Alleyne v. United States, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) and appears to argue that 28 U.S.C. § 2555(f)(3) applies to his case because a new right was recognized and made retroactively applicable by the Supreme Court's decision in Alleyne.  In support of this argument, Mickels states, "[d]efendant meets the first prong in the saving[s] clause because he reserved this argument or raised this issue at hearing, which satisfies retroactivity." (Doc. 113 at 2). The Court is not persuaded by this argument.

As noted, § 2255(f)(3) provides that the one-year statute of limitations begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Mickels' purported reliance on Alleyne is unavailing because Alleyne does not apply retroactively on collateral review. As recently explained by the Eleventh Circuit:

> First, neither Alleyne itself nor any later Supreme Court decision holds that Alleyne is retroactive. See United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014). Second, the Alleyne Court explained that its holding was an application of the rule established in Apprendi v. New Jersey, see Alleyne, 133 S. Ct. at 2163 (applying Apprendi, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)), and we have repeatedly held that Apprendi 's rule does not apply retroactively on collateral review. See, e.g., Dohrmann v. United States, 442 F.3d 1279, 1281-82 (11th Cir. 2006) (holding that Apprendi does not

5

retroactively apply to § 2241 petitions); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001) (holding that Apprendi does not retroactively apply to § 2255 motions). If Apprendi's rule is not retroactive on collateral review, then neither is a decision applying its rule. See In re Anderson, 396 F.3d 1336, 1340 (11th Cir. 2005) (explaining that decisions "based on an extension of Apprendi" are not retroactive); see also Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (concluding that Alleyne is not retroactive because Apprendi is not retroactive). Finally, every one of our sister circuits to consider the issue in a published decision has concluded that Alleyne is not retroactively applicable on collateral review. See United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); Simpson, 721 F.3d at 876.

Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285-86, (11th Cir. 2014). Thus, even if Mickels could show that Alleyne recognized a new right that is applicable to his case, Alleyne does not apply to his case, as Alleyne does not apply retroactively. Therefore, § 2255(f)(3) does not restart the statute of limitations in this case. For this reason, unless Mickels can demonstrate that he is entitled to equitable tolling, his motion is due to be dismissed.

Equitable tolling applies to the statute of limitations set forth in 28 U.S.C. § 2255(f). Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); see also Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 1777 L. Ed. 2d 130 (2010) (holding similar statute of limitations in 28 U.S.C. § 2244(d) is subject to equitable tolling). "[A] petitioner is entitled to equitable

tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (internal quotation marks omitted); see also Sandvik, 177 F.3d at 1271. The diligence required is "reasonable diligence," not "maximum feasible diligence," see Holland, 560 U.S. at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). Serious attorney misconduct, including acts of gross negligence and acts of outright willful deceit, can constitute "extraordinary circumstances" which would justify equitable tolling of a movant's § 2255 motion. Downs v. McNeil, 520 F.3d 1311, 1323 (11th Cir. 2008); see also Holland, 560 U.S. at 633 (holding that equitable tolling may be available in an "extraordinary" instance in which the conduct of a petitioner's attorney constitutes more than "garden variety" or "excusable neglect").

In this case, Mickels does not assert that he is entitled to equitable tolling of the statue of limitations. (Doc. 113). Nor has he alleged or offered any facts that suggest that he has diligently pursued his rights, and that some extraordinary circumstance, beyond his control, stood in his way. While Mickels briefly mentions that he received ineffective assistance of counsel, he has proffered no facts that suggest, let alone

7

demonstrate, any acts by his attorney that prevented him from timely filing his § 2255 petition. The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). See Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002); Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1333 (11th Cir. 2008) ("Johnson bears the burden of establishing equitable tolling."), cert. denied sub nom., Johnson v. McNeil, 555 U.S. 851, 129 S. Ct. 348 (2008); Spottsville v. Terry, 476 F.3d 1241, 1245 (11th Cir. 2007) ("The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]") (quoting Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004)(internal quotations omitted)). Accordingly, Mickels is not entitled to equitable tolling of the statute of limitations.

Thus, because Respondent has asserted the defense of statute of limitations and Mickels has not established that his motion was timely filed and he has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of the AEDPA's limitation period, the undersigned finds that Mickels' Motion to Vacate, Set Aside, or Correct Sentence under § 2255 should be **DISMISSED** as time-barred.

III. **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that no certificate of appealability should be issued in this case.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Mickels' claim does not warrant the issuance of a Certificate of Appealability in this case.  For the reasons discussed above, Mickels' claim was not timely filed.  Under the circumstances, a reasonable jurist could not conclude that this

9

Court is in error in invoking this procedural bar with respect to his claims. See Slack, 529 U.S. at 484. ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). It is thus recommended that the Court deny any request for a Certificate of Appealability.

**IV.   CONCLUSION**

For the foregoing reasons, it is recommended that the Respondent's Motion to Dismiss be **GRANTED** (Doc. 120), that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 113), be **DISMISSED** as time-barred and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Terrell Mickels. The Undersigned Magistrate Judge further finds that Mickels is not entitled to the issuance of a Certificate of Appealability and as a result, he should not be permitted to appeal in forma pauperis.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen

(14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judges report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **11th** day of **June, 2015.**

                                            /s/ **SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**