IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 10-0152-WS |
| | ) |
| TERRELL MICKELS, | ) |
| | ) |
| Defendant. | ) |

ORDER

The defendant has filed the following documents: (1) "Rule 35.B Motion for Downward Departure," (Doc. 165); (2) "18 USC 3582 (5050) Sentence Modification," (Doc. 165-1); (3) "18 USC § 3626(a)3(a)3A(a)1(A)," (Doc. 167); and (4) a letter addressed to the United States Marshal. (Doc. 169).

The first document asks the Court to "give him Rule 35.B motion for downward departure for substantial information that was used in several opperations [sic]." (Doc. 165 at 1). Despite this use of the past tense, the motion elsewhere uses the future tense, making a "proffer" that "he'll give substantial information to help" the Assistant United States Attorney. Whether the defendant believes he has rendered substantial assistance in the past or is only prepared to do so in the future is immaterial; a reduction of sentence under Rule 35(b) can occur only "[u]pon the government's motion." Fed. R. Crim. P. 35(b)(1), (2). Because the government has filed no such motion, the defendant's motion is **denied**.

The second document suggests that the defendant's "sentence is to be modified because of (RID) modification pursuant to departure for inmates that take [sic] medical assertions." (Doc. 165-1 at 1). The defendant cites Section 3582, which allows for a modification of sentence "upon motion of the Director of the Bureau of Prisons" based on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1). One such reason may be the "need [for] extraordinary medical care." *See United States v. Smith*, 128 Fed.

Appx. 89, 90 (11th Cir. 2005) (expressing, but not adopting, the government's position). Because the Director has filed no motion to reduce the defendant's sentence, his deemed motion for such relief is **denied**.

The third document relies on Section 3626(a)(3). (Doc. 167). As the Court has already advised the defendant, (Doc. 162), that provision addresses relief that may or may not be granted "[i]n any civil action." 18 U.S.C. § 3626(a)(3). Because the defendant cannot bring a civil lawsuit by filing a document in his criminal case, his deemed motion for such relief is **denied**.

The fourth document is not a motion and is directed to the Marshal, not the Court. (Doc. 169). It therefore presents nothing for judicial review or resolution.

DONE and ORDERED this 5th day of August, 2016.

                                            s/ WILLIAM H. STEELE
                                            CHIEF UNITED STATES DISTRICT JUDGE